UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| ASSOCIATION CONCERNED OVER RESOURCES AND NATURE, INC., <br><br> Plaintiff, <br><br> v. <br><br> TENNESSEE ALUMINUM PROCESSORS, INC., <br><br> Defendant. | Civil Action No. 1:10-cv-00084 <br><br> Judge Haynes |

## CONSENT DECREE

**WHEREAS**, Defendant Tennessee Aluminum Processors, Inc. ("TAP") owns and operates an aluminum processing/smelting facility in Mount Pleasant, Tennessee (the "Site"). Since approximately 1990, TAP has maintained at the Site a capped and covered stockpile of aluminum slag waste ("Stockpile") in the vicinity of an unnamed tributary to Quality Creek.

**WHEREAS**, since 2003, TAP has been removing the Stockpile pursuant to an Agreed Order issued by the Tennessee Solid Waste Disposal Control Board on October 8, 2003, under the Tennessee Solid Waste Disposal Act (hereinafter the "2003 Agreed Order"). The Tennessee Department of Environment and Conservation ("TDEC") has the authority to enforce the terms of the 2003 Agreed Order.

**WHEREAS**, operations at the Site are covered under the National Pollutant Discharge System ("NPDES") Tennessee Storm Water Multi-Sector Permit for Industrial Activities, Permit No. TNR 050000, and is registered under Tracking No. TNR 053682.

**WHEREAS**, amongst other things, TAP's NDPES Permit states that "[A]ll discharges covered by this Permit shall be comprised entirely of stormwater."

**WHEREAS**, Plaintiff Association Concerned Over Resources And Nature ("ACORN") is a Tennessee nonprofit corporation based out of Maury County, Tennessee.

**WHEREAS**, ACORN has members who own property and/or reside near the Site and on Quality Creek downstream from the Site, and members of ACORN also fish and recreate in Quality Creek, the Duck River, and other waters downstream from the Site.

**WHEREAS**, on June 2, 2010, ACORN served a Notice of Intent to File Citizen Suit pursuant to the federal Clean Water Act, 33 U.S.C. § 1251 *et. seq.* ("CWA"), and the federal Resource Conservation and Recovery Act, 42 U.S.C. § 6901 *et. seq.* ("RCRA"), notifying TAP and the appropriate state and federal agencies that ACORN intended to file suit pursuant to 33 U.S.C. § 1365(a)(1) and 42 U.S.C. § 6972(a)(1)(A) arising out of alleged violations by TAP of the CWA and RCRA as a result of TAP's maintenance of the Stockpile.

**WHEREAS**, on September 20, 2010, ACORN filed a Complaint (the "Litigation") with the United States District Court for the Middle District of Tennessee, alleging violations by TAP of §§ 1311, 1342, and 1365 of the CWA, and § 6945(a) of RCRA, seeking civil penalties and injunctive relief to abate the alleged ongoing discharge of pollutants into waters of the United States in violation of the CWA and NPDES Permit No. TNR 053682, as well as civil penalties and injunctive relief pertaining to the alleged unlawful maintenance of the Stockpile in violation of RCRA.

**WHEREAS**, on April 25, 2011, TAP filed its Answer, disputing all of ACORN's claims and asserting affirmative defenses thereto.

**WHEREAS**, on October 22, 2010, TAP filed a Motion to Dismiss the Litigation based on jurisdictional grounds, which Motion was denied by the Court on April 8, 2011.

**WHEREAS**, the parties, in consultation with counsel, hereby agree to resolve the Litigation and any issues that arose or may have arisen in connection with the Litigation in accordance with the terms of this Consent Decree. The parties believe that it is in their mutual best interests that the issues raised in the Litigation be resolved and that they settle their differences by entering into this Consent Decree for purposes of formalizing the terms of settlement and disposing of the Litigation.

**WHEREAS**, a copy of the proposed Consent Decree was received by the Attorney General of the United States and the Administrator of the United States Environmental Protection Agency more than forty-five (45) days before entry of this Consent Decree as required by 33 U.S.C. § 1365(c)(3).

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:**

### I. JURISIDICTION

1. This Court has jurisdiction over the parties and subject matter of this action pursuant to Section 505(a) of the CWA, 33 U.S.C. § 1365(a), Section 7002(a)(1) of RCRA, 42 U.S.C. § 6972(a)(1)(A), and 28 U.S.C. § 1331.

### II. INJUNCTIVE RELIEF

2. *Removal of Stockpile.* TAP shall remove no less than 1,800 tons of slag waste per month from the Stockpile, except during the last three (3) months of said removal when it is anticipated that less than 1,800 tons per month are likely to be able to be removed. TAP is relieved of this obligation when TDEC determines that TAP has completed removal of such waste from the Site

3

to TDEC's satisfaction. TAP will provide ACORN with copies of Quarterly Reports describing the volume and disposition of material removed from the stockpile until such time as all such waste has been removed from the Site. Unless approved by this Court and TDEC, there shall be no exceptions to the aforementioned requirement of removing a minimum of 1,800 tons of slag waste per month (except for during the last three (3) months), including, but not limited to, exceptions related to economic concerns on the part of TAP.

3. *Water Quality Sampling*. Within fifteen (15) days of entry of this Consent Decree, and continuing until one year from the date that TDEC has determined TAP has completed removal of the stockpile, TAP shall conduct groundwater quality sampling at the discharge location located at the following approximate coordinates, N 35°32'58.5"N, W 87°11'00.5, which such location is across the street from the Site on the west side of South Park Road. Said property is owned by VLS Armor, who has provided TAP with permission to conduct groundwater quality sampling at this location, as evidenced by the letter attached hereto as Exhibit "A." This groundwater quality sampling shall be conducted monthly, and at a time and date when the discharge location referenced hereinabove is actively discharging. The proper methodology and reporting requirements pertaining to this groundwater quality sampling are set forth in Exhibit "B" attached hereto and incorporated by reference herein. ACORN agrees that it will not make or file any claim or suit against TAP in the future with respect to any claim arising out of or relating to the groundwater testing required by this paragraph of this Consent Decree.

4. *Attorneys' and Experts' Fees*. TAP shall bear the cost of its own attorneys' and experts' fees and costs incurred in connection with the Litigation. ACORN represents that the attorneys' and experts' fees incurred by them in connection with the Litigation are in excess of $20,000. Within fifteen (15) days of entry of this Consent Decree, TAP shall pay ACORN a payment of

4

Twenty Thousand Dollars ($20,000) in reimbursement of ACORN's attorneys' and experts' fees. Plaintiff shall bear its own attorneys' and experts' fees and costs incurred in connection with the Litigation in excess of this amount.

5. **Release.** ACORN, on behalf of itself and its present and former officers, directors, members, representatives, affiliates, successors and assigns (the "Plaintiff Releasors") hereby release, covenant not to sue or to seek any legal relief in any state or federal court or administrative proceeding, and forever discharge TAP, and its respective present and former officers, directors, shareholders, employees, attorneys, representatives, agents, corporate parents, subsidiaries, affiliates, successors and assigns (together, the "Defendant Releasees") jointly and severally, from any and all claims and causes of action which were alleged, or could have been alleged, in the Litigation, and any and all claims, demands, causes of action and liabilities whatsoever, whether matured or unmatured, whether known or unknown, which any of the Plaintiff Releasors ever had or may now have against any of the Defendant Releasees, that in any way relate to the past ownership and past operation of the Site and the Stockpile. The Parties acknowledge that this paragraph does not waive or release any claims, demands, or liabilities arising under or in connection with this Decree, nor does it waive or release any claims, demands, or liabilities based on any future events, except that ACORN covenants not to give any sort of citizen's suit notice, make any sort of claim, or bring any action or suit against TAP arising out of or relating to the groundwater sampling required by this Consent Order.

### III. GENERAL PROVISIONS

6. **Advice of Counsel.** The Parties each mutually represent and warrant that they have carefully reviewed this Decree, have had such opportunity as they think necessary to consult

with counsel of their choice concerning it, fully understand its terms, and enter into it freely and voluntarily.

7. **No Admission of Liability.** ACORN's claims in the Litigation are completely disputed by TAP, and this Consent Decree is the compromise and settlement of such disputed claims. This Decree and compliance with this Decree shall not constitute, or be construed as, and are not intended to be an admission concerning the validity of any claim made in the Litigation, or an acknowledgement by any of the Parties of any fault, fact, wrongdoing, responsibility, or liability, which are expressly denied.

8. **Modification.** The terms of this Decree shall not be changed, revised or modified except by a written instrument signed by all parties to this Decree, or their privies, representatives, agents, successors, or assigns, and shall not take effect until approved by the Court. The parties hereby expressly stipulate to the adequacy and sufficiency of consideration in and for all mutual covenants contained herein.

9. **Successors and Assigns.** This Decree is intended to and shall inure to the benefit of and be binding upon the Parties and their respective legal representatives, successors and assigns.

10. **Termination of this Litigation.** Upon entry of this Decree by the Court, this case shall be dismissed with each party bearing their own costs, except that attorney's fees and expert fees shall be payable as set forth in Paragraph 4 of this Consent Decree.

ENTER this 10th day of August, 2011.

JUDGE WILLIAM J. HAYNES, JR.
UNITED STATES DISTRICT JUDGE